# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

RAMIRO BELTRAN,                                    CASE NO. 13-cv-1043

individually and on behalf of all
others similarly situated,

                          **Plaintiff,**

   v.

MAXFIELD'S, LLC,                                    **JURY TRIAL DEMANDED**
d/b/a MAXFIELD'S PANCAKE
HOUSE

   and

GUS ZARMAKOUPIS,

                       **Defendants.**

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

### PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Individual and Representative Plaintiff Ramiro Beltran individually and on behalf of the members of the proposed classes identified below. Plaintiffs are or were, employed as busboys, cooks, and dishwashers by Defendants Maxfield's, LLC d/b/a Maxfield's Pancake House and Gus Zarmakoupis. It is the policy of Maxfield's, LLC to compensate their Busboys, Cooks, and Dishwashers at a rate less than minimum wage and to deny

payment of overtime premium wages at one and one-half times the regular rate for hours worked over forty (40) hours per week.

2.	Maxfield's, LLC operates Maxfield's Pancake House in Milwaukee, Wisconsin. Mr. Gus Zarmakoupis is the owner of Maxfield's, LLC.

3.	Plaintiff Beltran brings this action, individually and on behalf of other similarly situated current and former Busboys, Cooks, and Dishwashers, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/injunctive relief, and/or any such other relief the Court may deem appropriate. Plaintiff also brings this action pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid minimum wages, unpaid overtime compensation, unpaid wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.	This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq.*

5.	The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within original

2

jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution.

6.     Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S.

District Court for the Eastern District of Wisconsin because a substantial part of

the events or omissions giving rise to the claim occurred within the district and

Defendant Maxfield's LLC d/b/a Maxfield's Pancake House and Defendant Gus

Zarmakoupis have substantial and systematic contacts in this district.

## PARTIES

7.     Defendant Maxfield's LLC d/b/a Maxfield's Pancake House is a

Wisconsin Corporation with a principal place of business in Milwaukee, Wisconsin.

Maxfield's, LLC's registered agent for service of process in the State of Wisconsin is

Gus Zarmakoupis located at 333 W. Brown Deer Road, Fox Point, Wisconsin.

Maxfield's, LLC's principal place of business is located at 333 W. Brown Deer Road,

Fox Point, Wisconsin, 53217.

8.     Defendant Gus Zarmakoupis is the owner of Maxfield's Zarmakoupis

oversees the day-to-day operations and has control over the compensation and

human resources aspects of Maxfield's.

9.     Zarmakoupis is an adult resident of the State of Wisconsin and resides

at N1955 Pilgrim Parkway, Brookfield, Wisconsin, 53005.

10.     Defendants Maxfield's and Gus Zarmakoupis are joint employers and

will be collectively referred to as "Maxfield's" hereinafter.

3

11.    Plaintiff Ramiro Beltran is an adult resident of Milwaukee County in the State of Wisconsin. Beltran is a former employee of Maxfield's who worked as a busboy during the time period prescribed by the applicable statute of limitations. Beltran's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A and is made a part of this Complaint.

12.    Plaintiff Beltran brings this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Minimum Wage Class** is defined as follows:

> All persons who are or have been employed by Maxfield's as a Busboy, Cook, and/or Dishwasher and who were paid at a rate less than $7.25 per hour for each hour worked within three years prior to this action's filing date.

13.    Plaintiff Beltran bring this action individually and on behalf of the Wisconsin Minimum Wage Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Minimum Wage Class** is defined as follows:

> All persons who are or have been employed by Maxfield's as a Busboy, Cook, and/or Dishwasher and who were paid at a rate of less than $7.25 per hour for each hour worked within two years prior to this action's filing date.

14.    Plaintiff Beltran bring this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The **Collective Overtime Class** is defined as follows:

> All persons who are or have been employed by Maxfield's as a Busboy, Cook, and/or Dishwasher and who were not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty (40) hours in any given workweek within three years prior to this action's filing date.

15.     Plaintiff Beltran bring this action individually and on behalf of the Wisconsin Minimum Wage Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Overtime Class** is defined as follows:

> All persons who are or have been employed by Maxfield's as a Busboy, Cook, and/or Dishwasher and who were not paid at a rate of one and one-half times their regular rate of pay for hours worked over forty (40) hours in any given workweek within two years prior to this action's filing date.

16.     The Collective Minimum Wage Class and the Collective Overtime Class shall be referred to as the "Collective Classes" hereinafter.

17.     The Wisconsin Minimum Wage Class and the Wisconsin Overtime Class shall be referred to as the "Wisconsin Classes" hereinafter.

## GENERAL ALLEGATIONS

18.     Beltran and the Collective Classes work, or have worked, for Maxfield's as Busboys, Cooks, and/or Dishwashers within the three years preceding the filing of this complaint.

19.     Beltran and the Wisconsin Classes work, or have worked, for Maxfield's as Busboys, Cooks, and/or Dishwashers at Maxfield's Fox Point location within the two years preceding the filing of this action.

20.     Maxfield's operates the Maxfield's Pancake House located at 333 W. Brown Deer Road, Fox Point, Wisconsin, 53217.

21.     Maxfield's Busboys, Cooks, and Dishwashers are paid a fixed, weekly rate for the work they perform regardless of the number of hours of work performed.

22.     Beltran, the Wisconsin Classes, and the Collective Classes have worked in excess of forty (40) hours a week in various workweeks in the three years from the filing of this complaint.

23.     Maxfield's does not compensate its Busboys, Cooks, and Dishwashers at a rate of one and one-half times the class members' regular rate of pay for hours worked in excess of forty (40) hours within any given workweek.

24.     As a result of Maxfield's policy to pay its Busboys, Cooks, and Dishwashers at a fixed, weekly rate regardless of the number of hours of work performed, Maxfield's Busboys, Cooks, and Dishwashers' wages fell below the minimum wage and they were not paid overtime compensation during the relevant statutory period.

25.     Maxfield's does not maintain complete and accurate time records for Beltran, the Wisconsin Classes, or the Collective Classes.

26.     Maxfield's conduct, as set forth in this complaint, was willful and in bad faith, and has caused significant damages to Beltran, the Wisconsin Classes, and the Collective Classes.

27.     Zarmakoupis is involved in the management, supervision, and oversight of Maxfield's; has the ability to hire and fire employees; is involved in and has control of employee compensation, benefits decisions, and policy making; is involved in Maxfield's day-to-day functions; has a role in determining the Busboys, Cooks, and Dishwashers' rate and method of compensation; and has control over the hours of work performed at Maxfield's.

6

28.     Zarmakoupis specifically was involved in the decisions to implement certain policies that resulted in Maxfield's failing to pay its Busboys, Cooks, and Dishwashers the minimum wage, overtime compensation, and as alleged herein.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

29.     Beltran and the Collective Classes are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Maxfield's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Beltran stated herein are the same as those of the Collective Class.

30.     Beltran and the Collective Classes seek relief on a collective basis challenging, among other FLSA violations, Maxfield's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including minimum and overtime compensation.

31.     The FLSA Section 216(b) Collective Classes are readily ascertainable. For purpose of notice and other purposes related to this action, their names, phone numbers, social security numbers, and addresses are readily available from Maxfield's. Notice can be provided to the Collective Classes via first class mail to the last address known to Maxfield's and through posting at Maxfield's facility in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

32.     Beltran brings his Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Classes for violations occurring on or after the date that is two years prior the filing of the complaint in this case (the "Wisconsin Class Period").

33.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Maxfield's, upon information and belief, there are approximately forty members in the Wisconsin class.

34.     Beltran's claims are typical of those claims that could be alleged by any member of the Wisconsin Classes, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Classes in separate actions. The alleged claims arise out of the same corporate practice of Maxfield's and Maxfield's benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Classes. Beltran and the other members of the Wisconsin Classes sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

35.     Beltran is able to fairly and adequately protect the interests of the Wisconsin Classes and have no interests antagonistic to the Wisconsin Classes.

8

36.     There are questions of fact and law common to the Wisconsin Classes

that predominate over any questions affecting only individual members. The

questions of law and fact common to the class arising from Maxfield's actions

include, without limitation, the following:

a) Whether Maxfield's policy of paying its Busboys, Cooks, and Dishwashers
   a fixed weekly amount of pay, without overtime premium compensation,
   violates Wisconsin's wage laws;

b) Whether Maxfield's failed to pay its Busboys, Cooks, and Dishwashers
   minimum wage for hours worked in violation of Wisconsin wage laws;

c) Whether Maxfield's failed to maintain true and accurate records for all
   hours worked by Beltran and the Wisconsin Classes as required by
   Wisconsin Law;

d) Whether Maxfield's failed to pay the Wisconsin Classes for all work
   Maxfield's suffered or permitted them to perform; and

e) The nature and extent of class-wide injury and the measure of damages
   for the injury.

37.     A class action is superior to any other available methods for the fair

and efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual Plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a large and wealthy, corporate

defendant, particularly those with relatively small claims.

38.     The questions set forth above predominate over any questions that

affecting only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other

available methods for the fair and efficient adjudication of the claims.

9

## FIRST CLAIM FOR RELIEF
## Violation of the Fair Labor Standards Act of 1938 as Amended

39.     Beltran, individually and on behalf of the Collective Classes, reassert and incorporate by reference all preceding paragraphs as if restated herein.

40.     In the three years prior to the filing of this Complaint, Beltran and the Collective Classes have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

41.     Maxfield's is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

42.     In the three years prior to the filing of this Complaint, Maxfield's was an employer of Beltran and the Collective Classes as provided under the FLSA.

43.     Maxfield's violated the FLSA by failing to account for and compensate Beltran and the Collective Classes for minimum wage and overtime compensation for each hour that each class member worked each workweek.

44.     Beltran and the Collective Classes are entitled to damages equal to mandated minimum wage and overtime premium pay within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Maxfield's acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. Maxfield's failure to properly compensate Beltran and the Collective Classes and failure to properly record all compensable work time was willfully perpetrated and Beltran and the Collective Classes are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum and overtime premium pay described above pursuant to Section

10

216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Maxfield's did not act willfully in failing to pay minimum and overtime premium wages, Beltran and the Collective Classes are entitled to an award of pre-judgment interest at the applicable legal rate. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

## SECOND CLAIM FOR RELIEF
### Violation of Wisconsin Law – Unpaid Wages and Overtime

45.     Beltran, individually and on behalf of the Wisconsin Classes, re-allege and incorporate by reference all preceding paragraphs as restated herein.

46.     During the two years prior to the filing of this Complaint, Beltran and the Wisconsin Classes were employees within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01.

47.     During the two years prior to the filing of this Complaint, Maxfield's was an employer within the meaning of Wis. Stat. §§ 109.01, 103.001, 104.01, and Wis. Admin Code § DWD 272.01.

48.     During the two years prior to the filing of this Complaint, Maxfield's has employed, and/or continues to employ Beltran and the Wisconsin Classes within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, Wis. Admin. Code § DWD 272.01 *et seq.*, and Wis. Admin. Code § DWD 274.01 *et seq.*

49.     Throughout the Wisconsin Class Period, Beltran and the Wisconsin Classes regularly performed activities that were an integral and indispensable part

11

of the employees' principal activities without receiving compensation for these activities.

50.     At all relevant times, Maxfield's had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay the Wisconsin Classes minimum and overtime compensation.

51.     Wis. Stat. § 109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

52.     The foregoing conduct, as alleged above, constitutes continuing, willful violations of Wisconsin's law requiring the payment of minimum, overtime, and agreed upon wages.

53.     As set forth above, Beltran and the Wisconsin Classes have sustained losses in their compensation as a proximate result of Maxfield's violations. Accordingly, Beltran, individually and on behalf of the Wisconsin Classes, seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Maxfield's to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.011, Beltran and the Wisconsin Classes may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

54.     Beltran, individually and on behalf of the Wisconsin Classes, seeks recovery of attorneys' fees and the costs of this action to be paid by Maxfield's, pursuant to Wisconsin law.

12

# REQUEST FOR RELIEF

WHEREFORE, Plaintiff Beltran, individually and on behalf of all members of the Collective Class and the Wisconsin Class requests the following relief:

a) An order designating this action as a collective action on behalf of the Collective Class and issuance of notices pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

b) An order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) An order designating Ramiro Beltran as the Named Plaintiff and as representatives of the Wisconsin Class set forth herein;

d) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) Issuance of an Order, pursuant the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Maxfield's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations;

f) An order finding that Maxfield's violated the FLSA and Wisconsin wage and hour law;

g) An order finding that these violations are willful;

h) Judgment against Maxfield's in the amount equal to the Plaintiff's, the Collective Class's, and the Wisconsin Class's unpaid wages at the applicable minimum wage and overtime rates;

i) An award in the amount of all liquidated damages and penalties as provided under Wisconsin Law and the FLSA;

j) An award in the amount of all costs and attorney's fees incurred prosecuting these claims; and

k) Such further relief as the Court deems just and equitable.

13

## DEMAND FOR JURY TRIAL

Plaintiff Beltran hereby request a trial by jury pursuant to Fed. R. Civ. P. 38(b).


Dated this 13th day of September 2013.

Respectfully submitted,

/s/ Summer H. Murshid
Larry A. Johnson
SBN 1056619
Summer Murshid
SBN 1075404
Michele Sumara
SBN 1010181
Attorneys for the Plaintiff

**Hawks Quindel, S.C.**
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email(s):     ljohnson@hq-law.com
              smurshid@hq-law.com
              msumara@hq-law.com