UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

RAMIRO BELTRAN,
individually and on behalf of all
others similarly situated,

    Plaintiff,

v.

MAXFIELD'S, LLC,                    CASE NO. 13-cv-1043
d/b/a MAXFIELD'S PANCAKE
HOUSE

    and

GUS ZARMAKOUPIS,

    Defendants.

## RULE 26(f) JOINT PRETRIAL REPORT

    Individual and Representative Plaintiff, Ramiro Beltran, on his own behalf and on behalf of all others similarly situated, by his attorneys, Larry Johnson and Summer Murshid, Hawks Quindel, S.C., and Defendants, Maxfield's LLC d/b/a Maxfield's Pancake House and Gus Zarmakoupis, by their attorneys, Michael S. Maistelman, Maistelman & Associates, LLC , pursuant to Fed. R. Civ. P. 26(f), submit the parties' Rule 26(f) Joint Pretrial Report.

    1.    <u>Conference</u>.  Counsel for the parties met in person on September 25, 2013 and October 11, 2013 and held a telephonic conference on November 25, 2013,

to discuss those matters set forth in Fed. R. Civ. P. 26. All parties have had the opportunity to review and consent to the filing of the present Rule 26(f) Joint Pretrial Report.

2. <u>Nature of the Case</u>. Individual and Representative Plaintiff has brought a purported collective and class action under the federal Fair Labor Standards Act ("FLSA") and Wisconsin wage and hour laws on behalf of himself and other allegedly, similarly-situated individuals in order to recover allegedly unpaid minimum, overtime and agreed upon wages. Defendants deny liability.

3. <u>Issues of Jurisdiction or Venue</u>. The parties agree that the Court has subject matter jurisdiction and that this case is properly venued in the Eastern District of Wisconsin.

4. <u>Related Cases</u>. The parties are unaware of any related cases.

5. <u>Material Factual and Legal Issues to be Resolved at Trial</u>. The parties agree that the following issues, among others, exist: (1) whether the present putative class meets the requirements to proceed as a collective and/or class action lawsuit; (2) whether liability exists under the FLSA and Wisconsin wage and hour laws; (3) the extent of the named Plaintiffs' and putative class members' damages, if any; (4) whether there is individual liability for Defendant Gus Zarmakoupis and (4) whether Defendants' conduct willfully violated the FLSA.

6. <u>Simplification of Issues</u>. The parties will work cooperatively to simplify the issues where appropriate through stipulations.

7. <u>Admissions and/or Stipulations</u>.  The parties will work cooperatively to make appropriate stipulations regarding the authenticity of documents in order to avoid unnecessary proof.

8. <u>Possible Subjects of Discovery</u>. Subjects on which discovery may be needed, subject to objection, include, but are not limited to, the following:

   a. Records reflecting hours of work performed by Plaintiff and putative class members;

   b. Records reflecting Plaintiff's and putative class members' compensation;

   c. Parties' Internal Revenue Service, Wisconsin Department of Labor, and U.S. Department of Labor records;

   d. Records reflecting the number of weeks that Plaintiff and putative class members worked for Defendants;

   e. Records reflecting the method of Plaintiff's and putative class members' pay;

   f. Records reflecting Plaintiff's and putative class members' claimed work hours;

   g. Parties' banking and/or financial institution records;

   h. Records reflecting Defendants' overtime pay practices and compensation practices;

   i. Records reflecting Defendants' practice in scheduling hours of work;

> j. Records reflecting Plaintiff's and the putative class members' job duties and responsibilities;
>
> k. Any additional subjects that may arise during the course of this litigation.

9. <u>Advance Rulings from the Court</u>. The parties will attempt to bring to the Court's attention at the earliest possible time any issues relating to admissibility of evidence on which an advance ruling would be helpful.

10. <u>Limitation of Testimony Under Rule 702</u>. The parties, at this time, are not aware of the need to limit the use of testimony under Fed. R. Evid. 702.

11. <u>Additional Parties</u>. Plaintiff will continue to file the consent forms of additional party plaintiffs as they become aware of these individuals and anticipate sending notice of this lawsuit to all other similarly-situated individuals if the proposed collective class and/or Fed. R. Civ. P. 23 class is certified.

12. <u>Amendment of Pleadings</u>. The parties do not anticipate amending the pleadings at this point. If necessary, however, the parties will file any amendments to the pleadings without leave of Court by no later than December 16, 2013. Any amendment after that date will only be filed with the Court's permission, or by stipulation of the parties.

13. <u>Motions Pending or Contemplated</u>. Plaintiff plans to move for conditional collective certification of their FLSA claims and Fed. R. Civ. P. 23 class certification of their state law claims. Defendants plan to oppose conditional collective certification and plans to oppose certification of this lawsuit as a collective

or class action. The parties may file cross motions for summary judgment on the merits of the claims.

14. <u>Length of Trial</u>.  The parties believe that the length of trial in this case will be dependent upon whether the putative collective class and/or Rule 23 class are certified. The parties believe that as the case presently is postured it can be tried in approximately three days, however, if the classes are certified, Plaintiff believes it will take at least two weeks to try.

15. <u>Settlement Discussions</u>.  The parties have and continue to discuss early resolution of the case.

16. <u>Initial Disclosures</u>.  The parties agree to make required Rule 26(a)(1) pretrial disclosures on or before December 16, 2013.  Counsel for the parties will supplement their initial disclosures pursuant to Fed. R. Civ. P. 26(e).

17. <u>Electronic Service</u>.  The parties confirm that documents filed through the Court's ECF system are served by ECF notification.  The parties also consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

18. <u>Discovery Requests in Electronic Format</u>. The parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed findings of fact, as required by the Court's

standing order regarding summary judgment motions, shall be served electronically in a similar editable format.

19. <u>Witnesses and Exhibits</u>. The parties agree that disclosure of all witnesses and exhibits for trial shall be completed in accordance with the Federal Rules of Civil Procedure or the deadline set by the Court, pursuant to its preliminary pretrial order.

20. <u>Dispositive Motions</u>. The parties agree that all dispositive motions shall be filed no later than September 29, 2014.

21. <u>Electronically Stored Information.</u> The parties agree that electronically stored information may be requested, and will be disclosed in discovery pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The parties agree to meet and confer in good faith on the most efficient means of producing electronically stored information in response to any discovery requests.

22. <u>Trial and Final Pretrial Dates</u>. The parties believe that this matter will be ready for trial on or after February 23, 2015. The parties request that the final pretrial conference be scheduled in accord with the Court's regular practice, two weeks prior to trial.

23. <u>Confidentiality</u>. The parties agree that there may be information responsive to discovery requests that is of such a personal and/or confidential nature that the party requested to produce that information would only do so with appropriate assurances regarding its continued confidentiality. In that event, the

parties agree to consult in good faith regarding the possibility of requesting a Confidentiality Order of the form prescribed by Civil L. R. 26(e). The parties agree to confer regarding such issues as soon as possible in order to avoid delays in discovery responses.

**Proposed Case Schedule**

| | |
|---|---|
| December 16, 2013 | Initial Disclosures Due |
| December 16, 2013 | Amendments to the Pleadings Filed (Without leave of Court) |
| March 3, 2014 | Motion for Conditional Certification Due (21 and 10-day briefing schedule) |
| May 30, 2014 | Motion for Rule 23 Certification / Decertification Motions Due (21 and 10-day briefing schedule) |
| July 13, 2014 | Proponent Liability Expert Witness Disclosures Due |
| August 15, 2014 | Respondent Liability Expert Witness Disclosures Due |
| September 19, 2014 | Dispositive Motions Due (21 and 10-day briefing schedule) |
| October 17, 2014 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | Proponent Damages Expert Witness Disclosures Due |
| October 31, 2014 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | Respondent Damages Expert Witness Disclosures Due |
| November 14, 2014 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | Close of discovery |

| | |
|---|---|
| January 12, 2015 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | 26(a)(3) Disclosures and all Motions in Limine Due |
| February 9, 2015 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | Final Pretrial Conference |
| February 23, 2015 (subject to the Court's adjustment following resolution of dispositive and class certification-related motions) | First Day of Trial |

Respectfully submitted this 3rd day of December, 2013.

| | |
|---|---|
| **MAISTELMAN & ASSOCIATES, LLC.**<br>Attorney for Defendants | **HAWKS QUINDEL, S.C.**<br>Attorneys for Plaintiff |
| **s/ Michael S. Maistelman**<br>Michael S. Maistelman, SBN 1024681<br>5033 W. North Avenue<br>Milwaukee, WI 53208-1121<br>Telephone 414-908-4254<br>Fax: 414-447-0232<br>msm@maistelmanlaw.com | **s/ Summer H. Murshid**<br>Summer H. Murshid, SBN 1075404<br>smurshid@hq-law.com<br>Larry A. Johnson, SBN 1056619<br>ljohnson@hq-law.com<br>Michele Sumara, SBN 1010181<br>msumara@hq-law.com<br>222 E Erie Street, Suite 210<br>PO Box 442<br>Milwaukee, WI 53202-0442<br>(414) 271-8650 (office)<br>(414) 271-8442 (facsimile) |