## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**RAMIRO BELTRAN, individually and on behalf of all other similarly situated,**
       **Plaintiff,**

    v.                                                Case No. 13-C-1043

**MAXFIELD'S, LLC, et al.,**
       **Defendants.**

## DECISION AND ORDER

In this decision and order, I address the plaintiff's motion for sanctions for failure to preserve evidence and the defendants' motion to seal the transcript of a deposition that has been filed with the court.

### I. MOTION FOR SANCTIONS

In the present case, which arises under the Fair Labor Standards Act ("FLSA"), the plaintiff is representing a class of cooks, dishwashers, and bussers who are or were employed at a restaurant operated by the defendants, Maxfield's LLC and Gus Zarmakoupis. The plaintiff contends that the defendants paid their employees less than minimum wage and that they failed to pay overtime wages for hours worked in excess of forty per week.

The motion for sanctions arises because, while this case was pending, the defendants inadvertently destroyed timecards recording the number of hours the class members worked each week. The defendants stored the timecards in a black garbage bag of the same type that they used for the restaurant's garbage. Two months after the complaint in this case was filed, an employee of the defendants mistook the bag containing

the timecards for garbage and threw it out. The plaintiff contends that the defendants' destruction of the timecards was a breach of the defendants' duty to preserve evidence relevant to this case. See Marrocco v. General Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992) (suggesting that unreasonable conduct which resulted in destruction of evidence could be grounds for sanctions). The plaintiff requests that the court sanction the defendants for this breach by entering an order prohibiting them "from introducing any evidence at trial, or in dispositive motions, regarding the hours [the class members] worked." Mot. for Sanctions at 4. The defendants argue that this sanction is too harsh given the degree of their culpability and the actual prejudice the class members will suffer from the destruction of the timecards.

The plaintiffs do not contend that the defendants' failure to preserve the timecards was the result of bad faith or intentional or reckless conduct. Rather, it appears that the failure to preserve the timecards was the result of negligence, at worst. And it is not even clear that the failure to preserve was the result of negligence. Although storing the timecards in a garbage bag seems negligent, it might not have been if the garbage bag was stored in a place where it was unlikely to be mistaken for garbage. The present record does not disclose the precise circumstances under which the bag was stored or how it came to be mistook for garbage.

But even assuming that the failure to preserve the timecards was the result of negligence, the plaintiff's proposed sanction—forbidding the defendants from introducing any evidence concerning the number of hours worked—is not an appropriate one. Under the FLSA, an employer has a duty to preserve time records regardless of whether a suit in which those records would be relevant has been filed. See 29 U.S.C. § 211(c); 29

2

C.F.R. § 516.2. Cases have held that when an employer violates this duty, the appropriate sanction is to allow the employee to prove the number of hours worked under a relaxed evidentiary standard. See Anderson v. Mt. Clemens Pottery Co., 328 F.3d 680, 687–88 (1946); Brown v. Family Dollar Stores, 534 F.3d 593, 595 (7th Cir. 2008). Specifically, when an employer violates the duty to preserve records, a burden-shifting method is applied. Under this method, when the employee demonstrates that the employer failed to keep proper records as required by the FLSA, the employee needs only to produce "sufficient evidence" to show the number of hours worked "as a matter of just and reasonable inference." Anderson, 328 U.S. at 687. At that point, the burden "shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Id. at 687–88. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result is only approximate. Id. at 688.

In the present case, the defendants' inadvertent destruction of the timecards resulted in a violation of their recordkeeping duties under the FLSA, and therefore the Anderson burden-shifting method will apply. The plaintiff has not explained why an additional sanction should be imposed. Perhaps if the defendants had destroyed the records intentionally so that they could not be used as evidence in this case, an additional sanction would be appropriate. But here, where the destruction of evidence was at worst the result of negligence, the defendants are no more culpable than an employer who fails to comply with its recordkeeping duties under the FLSA. Thus, the same sanction that

3

applies to an employer who fails to comply with its recordkeeping duties under the FLSA will apply here, and the plaintiff's motion for an additional sanction will be denied.

## II. MOTION TO SEAL

When the plaintiff filed his motion for sanctions, he filed the transcript of the deposition of Gus Zarmakoupis in support of that motion. Because the defendants had previously designated this deposition as confidential pursuant to a protective order, the plaintiff filed the deposition under seal. However, the plaintiff also objected to the confidentiality designation. The defendants responded by filing their own motion to seal the transcript. But in their motion, the defendants do not identify any portion of the deposition that qualifies as confidential information. In federal litigation, such information includes only "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault)." Baxter Int'l, Inc. v. Abbott Labs., 267 F.3d 544, 546 (7th Cir. 2002). Instead, the defendants concede that the portions of the deposition cited by the parties in connection with the motion for sanctions are not confidential and can be unsealed. However, they ask that the rest of the deposition remain sealed until such time as it becomes relevant to an issue in this case. The defendants' counsel states that she does not want to bill her clients for reviewing the entire deposition in search of potentially confidential information. The plaintiff objects to this approach, noting that he intends to rely on the entire deposition when filing his upcoming motion for summary judgment.

The motion to seal will be denied. Although I can appreciate that defense counsel wishes to conserve her clients' resources, the entire deposition was made a part of the

record in connection with the motion to seal, and I did not limit myself to reviewing only the pages cited by the parties. Thus, the entire deposition had an effect on my resolution of the motion for sanctions, and for that reason the public is entitled to review it unless it meets one of the categories of confidential information cited above. Baxter, 297 F.3d at 545 ("[T]hose documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality."). Moreover, presumably counsel had some specific part of the deposition in mind when she designated the entire transcript as confidential. Thus, it should not take much time to identify any trade secrets or other confidential information in the transcript. Lastly, having reviewed most of the deposition myself, I find it hard to believe that there would be any potentially confidential information in the transcript. The defendants operate a small restaurant, and in a deposition about the wages and hours of its staff, no trade secrets or other kinds of confidential information would have been disclosed. Therefore, the deposition will be unsealed.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to seal is **DENIED**. The Clerk of Court shall unseal all documents associated with ECF Number 28 that are currently sealed.

Dated at Milwaukee, Wisconsin, this 17th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

5